IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID TEAGUE, No. 05634-040, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL NO. 14-cv-343-DRH |
| JEFFREY S. WALTON, | ) |
| Respondent. | ) |

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner's second application in this district for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant petition on March 17, 2014.

Petitioner is serving a 180-month sentence at the United States Prison at Marion, and again brings a challenge to this enhanced sentence. He entered an open plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and was convicted in the Western District of Missouri (*United States v. Teague*, Case No. 06-cr-3042). On September 7, 2007, he was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), because he had three prior qualifying felony convictions. These included two burglary convictions, which are the focus of his claim for habeas relief. His criminal record also included a robbery conviction.

In his direct appeal, petitioner argued that his prior convictions should not

have been considered as "violent felonies" under § 924(e).[1] The appellate court concluded that the prior convictions for burglary and robbery were properly counted as "violent felony" offenses, noting that the pre-sentence report included a factual description (to which petitioner had not objected) that each burglary involved the unlawful entry into a commercial building with the intent to commit larceny. *United States v. Teague*, 301 F. App'x 62 (8th Cir. 2009). Hence, there was no error in imposing the enhanced armed-career-criminal sentence. The Supreme Court denied his petition for a writ of certiorari on May 4, 2009. *Teague v. United States*, 129 S. Ct. 2170 (2009).

Petitioner's timely collateral attack under 28 U.S.C. § 2255 was unsuccessful (W. D. Mo. Case No. 09-3292, filed August 3, 2009). He attempted to bring a successive § 2255 proceeding in 2012, but was denied leave to do so (W. D. Mo. Case No. 12-3450; 8th Cir. Case No. 12-3902).

In his previous § 2241 petition, he challenged his sentence on the basis that neither the burglary offenses nor the robbery involved the use of a firearm on his part, thus they should not have been counted as predicate offenses for the armed-career-criminal enhancement. This Court rejected that argument and dismissed the petition with prejudice on August 19, 2013. *Teague v. Walton*, Case No. 13-cv-745-DRH.

## I. The Petition

This time, petitioner relies on *Descamps v. United States*, 133 S. Ct. 2276

---

[1] Counsel raised this argument in the context of a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967).

(2013), which held that a defendant's enhanced sentence was improper where one of his previous convictions was for burglary under a California statute which criminalized conduct beyond the "generic" elements of the crime of burglary (unlawful entry into a building with the intent to commit a crime). Petitioner suggests that the sentencing court in his case did not examine the elements of the Arkansas burglary statute under which he was convicted, in order to determine whether it contained the generic burglary elements. Instead, the court relied on the findings and recommendations of the United States Probation Officer who compiled the pre-sentence report (Doc. 1, p. 7). The petition does not include any further information on the Arkansas statute itself, however. The two convictions in question date back to 1966.

## II. Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

As a general rule, § 2241 is the appropriate means by which to challenge the *execution* of a sentence, while § 2255 is to be used to challenge the validity of

a conviction and sentence. *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). Clearly, petitioner is attacking the validity of his sentence, but that does not end the analysis.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he

must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner's argument fails to bring his claim within the savings clause. While *Descamps v. United States* is a statutory interpretation case, and too recent to have been available to petitioner at the time he filed his § 2255 motion, it does not represent a change in the law regarding whether a burglary conviction may qualify as a predicate felony under the Armed Career Criminal Act (ACCA). The *Descamps* opinion reiterated the "categorical approach" analysis outlined in *Taylor v. United States*, 495 U.S. 575 (1990), which has been the rule since well before petitioner was sentenced under the ACCA. The *Descamps* Court described the *Taylor* approach as follows:

> Sentencing courts may "look only to the statutory definitions"— *i.e.,* the elements—of a defendant's prior offenses, and *not* "to the particular facts underlying those convictions." [*Taylor*, 495 U.S.] at 600, 110 S. Ct. 2143. If the relevant statute has the same elements as the "generic" ACCA crime, then the prior conviction can serve as an ACCA predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is "necessarily ... guilty of all the [generic crime's] elements." *Id*., at 599, 110 S. Ct. 2143. But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form. The key, we emphasized, is elements, not facts. So, for example, we

> held that a defendant can receive an ACCA enhancement for burglary only if he was convicted of a crime having "the basic elements" of generic burglary— *i.e.,* "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Ibid.*

*Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).

The *Descamps* Court then discussed *Shepard v. United States,* 544 U.S. 13 (2005), which took a "modified categorical approach" to determine whether a conviction under a "divisible" burglary statute including elements beyond "generic" burglary could serve as a predicate felony under the ACCA. For example, if the statute encompassed the element of unlawful entry to a vehicle as well as a building, the sentencing court could look to documents such as the charging instrument or terms of a guilty plea to determine whether the defendant had "necessarily admitted [the] elements of the generic offense." *Shepard*, 544 U.S. at 26. Again, this was the law at the time petitioner was sentenced under the ACCA.

*Descamps* involved a burglary conviction where the statute was not "divisible" into alternative elements which necessitated an examination of additional case documents in order to determine whether the conviction was for "generic" burglary. Instead, the statute in *Descamps* was so broad that it allowed for a conviction even if the defendant had made a lawful entry into a structure. Therefore, the Court held, no conviction under that statute could serve as a predicate offense for an ACCA enhancement, and it was improper for the sentencing court to consider other documents which might have disclosed that the

defendant's actual conduct fell within the scope of "generic" burglary. *Descamps v. United States*, 133 S. Ct. 2276, 2284-86 (2013).

In the instant case, petitioner merely speculates that there is a "mismatch" between the elements of the Arkansas burglary statute under which he was convicted, and the generic definition of burglary (Doc. 1, p. 8). He admits he is unable to provide the Arkansas statute, and asks this Court to find and review the law for him. This does not amount to even a minimal showing that petitioner might be entitled to relief, and borders on frivolity.

Although it is not the Court's role to perform petitioner's research for him, out of an abundance of caution, the Court has examined this matter further. As best the Court can determine, the Arkansas burglary statute in effect at the time of petitioner's offenses was as follows:

> Burglary is the unlawful breaking or [footnote omitted] entering a house, tenement, railroad car, automobile, airplane, *or any other building*, although not specially named herein, boat, vessel, or water craft, by day or night, *with the intent to commit any felony* or larceny.

*See Thompson v. State*, 477 S.W.2d 469, 471 (Ark. 1972) (quoting Ark. Stat. Ann. § 41-1001 (Repl.1964)) (emphasis added); see also *Mouser v. State*, 219 S.W.2d 611, 613 (Ark.1949). This burglary statute is "divisible" as discussed in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States,* 544 U.S. 13 (2005). It is nothing like the statute in *Descamps*. Accordingly, the sentencing court could properly look to other documents in petitioner's cases in order to determine whether his prior convictions fit with the generic definition of

burglary.

The record in petitioner's criminal case shows that he indeed was convicted of "generic" burglary under the Arkansas statute, thus the enhanced sentence was proper. The pre-sentence report, to which petitioner did not object, specified that both burglary convictions involved the unlawful entry into a commercial building with the intent to commit larceny. *United States v. Teague*, 301 F. App'x 62 (8th Cir. 2009). In affirming petitioner's sentence, the Eighth Circuit cited *Taylor v. United States*, noting that a "person has been convicted of burglary for purposes of § 924(e) enhancement if [he was] convicted of any crime having [the] basic elements of unlawful entry into a building with [the] intent to commit [a] crime." *Teague*, 301 F. App'x at 62. The court further noted that since the burglaries and robbery convictions properly supported the enhanced sentence, "we need not address the treatment of Teague's other convictions." *Id*.

The indictment in petitioner's case discloses that in addition to the three Arkansas convictions, he had also been convicted of ten violent felonies in Kentucky in 1993: five counts of second-degree rape, two counts of second degree sodomy, two counts of sexual abuse, and one count of incest (Doc. 1 in Case No. 06-cr-3042 (W.D. Mo.)). The indictment specifically stated that these felony convictions qualified as "violent felonies" within the meaning of 18 U.S.C. § 924(e)(2)(B). Thus, it appears that these more recent felony convictions would also have been sufficient to support the extended sentence.

To summarize, the legal principles revisited in *Descamps v. United States*,

133 S. Ct. 2276 (2013), governed the trial court at the time of petitioner's conviction, appeal, and § 2255 motion. He could have raised the argument herein in those proceedings, thus § 2255 was not inadequate to address his claim. The Arkansas statute under which petitioner was convicted of burglary in 1966 does not bring his case within the scope of the ruling in *Descamps*.

For the above reasons, the instant § 2241 action shall be dismissed.

### III. Filing Fee

Petitioner's motion for leave to proceed *in forma pauperis* (IFP) (Doc. 2) shall be addressed in a separate order. The dismissal of this action does not relieve petitioner of the obligation to pay the fee, in the event his IFP request is denied. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998).

### IV. Disposition

The petition for habeas relief pursuant to 28 U.S.C. § 2241 is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months)

irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**Signed this 8th day of April, 2014.**

David R. Herndon
2014.04.08
17:33:40 -05'00'

**Chief Judge**
**United States District Court**